# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1197V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
KRISTIN LEARA,                          *
                                        *        Special Master Oler
                    Petitioner,         *        Filed: February 25, 2019
        v.                              *
                                        *        Petitioner's Motion for a Decision;
SECRETARY OF HEALTH                     *        Dismissal of Petition; Vaccine
AND HUMAN SERVICES,                     *        Act; Denial Without Hearing.
                                        *
                    Respondent.         *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Anne Carrion Toale*, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.

*Sarah Christina Duncan*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On September 6, 2017, Kristin Leara ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed a right arm injury as a result of the influenza ("flu") vaccination that she received on September 9, 2014.[3]

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] This case was initially assigned to Special Master Roth (ECF No. 4), before being reassigned to my docket on June 8, 2018 (ECF No. 19).

Petition ("Pet.") at 1, ECF No. 1. In her petition, Petitioner claimed that she suffered right arm pain and disability one day after she received her vaccination in her left arm. Pet. at 1-3.

Petitioner filed numerous medical records on November 7, 2017, December 19, 2017, and February 5, 2018. ECF No. 8, 10, 11. She filed her statement of completion on February 5, 2018. ECF No. 12.

On June 20, 2018, Respondent filed a Rule 4(c) Report. ECF No. 21. Respondent stated that Petitioner had not satisfied her burden of proof, specifically noting that Petitioner had not provided medical records or a medical expert report identifying a diagnosis or supporting a causal association between the vaccine and her condition. *Id*. at 11. Respondent further argued that the medical records documented that Petitioner's right arm symptoms predated her September 9, 2014 flu vaccination. *Id*. Respondent concluded that "[P]etitioner has failed to provide preponderant evidence in support of her petition." *Id*.

On June 25, 2018, I directed Petitioner to submit an expert opinion in support of her claim. *See* Non-PDF Order of 6/25/2018. After several requests for extensions of time, Petitioner filed a status report, indicating that she had forwarded a demand for damages to Respondent and would not be filing an expert report at that time. ECF No. 24. On February 21, 2019, Petitioner filed a status report stating that Respondent had provided his position regarding a litigative risk settlement and that she and her counsel were considering how to proceed. ECF No. 28.

On February 25, 2019, Petitioner filed the present motion to dismiss her claim, indicating that "[a]n investigation of the facts and science supporting her case has demonstrated to Petitioner that [she] will be unable to prove that [she] is entitled to compensation in the Vaccine Program." *See* Petitioner's Motion to Dismiss, ECF No. 29.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim, therefore, cannot succeed and in accordance with her motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/ Katherine E. Oler

Katherine E. Oler

Special Master